UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PMC INVESTOR, LP**,<br><br>  Plaintiff,<br><br>  v.<br><br>**MEMORY CARE (US REIT) PTY LIMITED**, as trustee for **MEMORY CARE (US REIT) TRUST**, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-3841 (TNM) |

**MEMORANDUM OPINION**

Two groups of investors own the same company. But they disagree about which is the majority owner. So one group sued the other and the company itself. The group that sued asks the Court to declare it the majority owner and nullify some of the company's actions done at the other group's behest. The company and the other group of investors move to dismiss. They claim that the Court lacks diversity jurisdiction. The Court agrees.

The company has an interest in this case and thus was improperly named as just a nominal defendant. Because the company is an interested party, its citizenship counts for jurisdictional purposes, which means the parties lack complete diversity and the Court thus lacks subject matter jurisdiction. So the Court must dismiss.

**I.**

Memory Care US REIT LLC ("REIT") is a real estate investment trust. Am. Compl. ¶ 2, ECF No. 18. REIT was formed a few years ago to buy and run centers "for individuals with memory loss issues." *Id.* ¶ 17. It has two members, PMC Investor and Memory Care (US REIT) Trust, referred to throughout as "the Australian Trust." *Id.* ¶ 7. And the Australian Trust has a

trustee, Memory Care (US REIT) PTY Limited, referred to throughout as "the Australian Trustee." *Id.* ¶ 5.

The "ownership structure [of these companies] is somewhat complex." *Id.* ¶ 25. But to simplify, PMC Investor and the Australian Trust each hold "the investment interests of a group of investors in the REIT." *Id.* PMC Investor "holds the interests of [some] Israeli/U.S. Investors," while the Australian Trust "holds the interests of [some] Australian Investors." *Id.*

Since 2021, the Australian Investors have claimed that the Australian Trust owns a majority stake in REIT. *Id.* ¶ 31. Based on that, the Australian Trust made many business decisions for REIT, like changing its operating agreement. *Id.* ¶ 32. That rankled PMC Investor, which claims that *it* is actually REIT's majority owner. *Id.* ¶ 28.

So PMC Investor sued the Australian Trustee (in its capacity as trustee for the Australian Trust) and REIT. PMC Investor seeks only declaratory and injunctive relief. *See id.* ¶¶ 35–53. Among other things, it asks the Court to find that it owns a majority of REIT and that the Australian Trust's business decisions are void or voidable. *Id.* ¶ 46. And it wants to enjoin the Australian Trust from acting as the majority owner of REIT. *See id.* ¶¶ 49–53.

Defendants move to dismiss for lack of subject matter jurisdiction. *See* Mot. to Dismiss (MTD), ECF No. 25-1. They argue that the Court lacks diversity jurisdiction because REIT was improperly designated as a "nominal Defendant." *Id.* at 4.

## II.

When deciding a motion to dismiss for lack of subject matter jurisdiction, the Court presumes that a claim "lies outside [its] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). PMC Investor bears the burden of overcoming that presumption by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555,

2

561 (1992). The Court scrutinizes the Complaint more closely on these motions than it does for 12(b)(6) motions. *See Nepal v. Dep't of State*, 602 F. Supp. 3d 115, 123 (D.D.C. 2022).

### A.

First, some background on diversity jurisdiction. Plaintiff claims that this Court has subject matter jurisdiction because the parties are diverse. *See* Am. Compl. ¶ 10 (citing 28 U.S.C. § 1332(a)(2)). For that to be true, PMC Investor would normally need to have different citizenship than both defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). But there is an important exception. Purely formal defendants, often called "nominal" defendants, do not count when determining diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Thus, a plaintiff can share citizenship with a nominal defendant without destroying diversity. PMC Investor urges that REIT is one such nominal defendant and thus must be ignored for jurisdiction purposes. *See, e.g.*, Am. Compl. ¶ 1 (calling REIT a "Nominal Defendant").

PMC Investor's federal case hinges on whether REIT is indeed a nominal defendant. If so, then the Court has diversity jurisdiction. But if it is not nominal, then the parties are not diverse, and the Court must dismiss. This is because LLCs, like REIT, share "the citizenship of each of their members." *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). And PMC Investor is one of REIT's members. *See* Am. Compl. ¶ 4. So PMC Investor and REIT share citizenship. Thus, if REIT counts for jurisdictional purposes, then the parties are not diverse.

**B.**

Defendants urge that REIT is not a nominal defendant and ask the Court to dismiss for lack of subject matter jurisdiction. PMC Investor disagrees. *See* Opp'n to Mot. to Dismiss (Opp'n) at 9, ECF No. 26.

The parties largely argue past one another on this point. Defendants look to Delaware law and then stress that parties with a real interest in a case cannot be nominal. PMC Investor disputes the Delaware law and then spends most of its time applying a non-applicable standard cribbed from Rule 19.

But to resolve this case, the Court need not reconcile the competing nominal party standards bouncing around the circuits. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (noting that circuits have "devised various tests to define a nominal party"). The Supreme Court has said enough to resolve this case: at the very least, parties with a real interest in the dispute may not be classified as nominal.

For instance, in *Wormley v. Wormley*, the Supreme Court juxtaposed nominal parties with those "who have the real interests before it." 21 U.S. (8 Wheat.) 421, 451 (1823). In *Wood v. Davis*, the Court found two parties nominal in part because they had no "interest of their own in the subject in controversy." 59 U.S. 467, 470 (1855). Later in *Salem Trust Company v. Manufacturer's Financial Company*, the Court again noted a party's lack of interest when finding it nominal. *See* 264 U.S. 182, 189–90 (1924). And more recently, the Court stated that a party does not count for jurisdictional purposes where it "was named to satisfy state pleading rules or was joined only as designated performer of a ministerial act, or otherwise had no control of, impact on, or stake in the controversy." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82–83 (2005) (cleaned up); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313,

1317 (11th Cir. 2017) (cleaned up) (explaining that a party is not nominal when it would be "unfair or inequitable" to "enter a final judgment" without including it).

REIT is an interested party here. To see that, look no further than the Complaint. PMC Investor's theory is that the Australian Trust falsely claimed a majority interest in REIT and thus wrongly assumed control of REIT. *Id.* ¶ 41. Based on that claim, the Australian Trust has negotiated a loan, appointed a new manager, replaced property managers, and put forth a plan that would "further dilute all existing shareholders." *Id.* ¶ 42. All these actions should have been "decided upon by the majority owners of the REIT." *Id.* And thus, PMC Investor asks the Court to declare these decisions "void and of no effect" or "voidable." *Id.* ¶ 45(c). And it calls the Court to do the same with "any amendments or changes to the REIT's corporate documents." *Id.* ¶ 45(d). Doing that would affect REIT.

For one, REIT could lose the loan it negotiated, presumably money that it needed. *Id.* ¶ 42. And any of its contracts with property managers could be voided too, leaving it without anyone to manage its facilities. *See id.* Plus, its appointment of a new manager could be nullified. *See id.* ¶ 45(c). If that appointment was void, then its manager who exercised "exclusive authority over the management of the Company and the conduct of the Company's affairs," was without power the whole time. Ex. E, Limited Liability Company Agreement ¶ 8.1, ECF No. 15-6. And REIT would need to scramble to get a new one. This would impact it too.

PMC Investor offers three chief reasons why REIT is a nominal defendant. But none of them shows that.

*First*, PMC Investor rebuts one of Defendants' arguments—that Delaware REIT is not a nominal defendant under Delaware law. *See* Opp'n at 7–8. But even if Delaware law does not make REIT a real, non-nominal defendant, the federal standard still does. In other words,

5

proving that Delaware law does not help Defendants does not show that REIT has no interest or stake in the case—the critical question under Supreme Court precedent.

*Second*, PMC Investor says that REIT "has no liability" to it. *Id.* at 9. True, a party that can be held liable most likely has an interest. But that is certainly not the only way. *See Hartford Fire*, 736 F.3d at 260 (finding a party is not nominal if it has an "apparent stake in the litigation.").

*Third*, PMC Investor points to law governing the required joinder of parties. Yet that does not help it either. As it admits, "Defendants have not based their motion on failure to join an indispensable party under Rule 19." *See id.* at 10. And though it says that "courts make clear that the standard for indispensability set forth in that rule applies [to nominal party challenges]," it cites no cases in which courts have done that. *Id.* And it offers no good reason for conflating Rule 19 law with nominal party law. *See id.* at 9–10 (turning to Rule 19 indispensable party doctrine because nominal party cases use the word indispensable too).

### III.

REIT is not a nominal party. Thus, it counts for diversity jurisdiction. Because it shares its members' citizenship, the parties are not completely diverse. So the Court lacks subject-matter jurisdiction and must dismiss. *See* Am. Compl. ¶ 10 (invoking only diversity jurisdiction).

A separate Order will issue today.

Dated: June 15, 2023

                                                                                        TREVOR N. McFADDEN, U.S.D.J.